09-3821-cr
USA v. Bell (Brumer)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
            GUIDO CALABRESI,
            ROBERT D. SACK,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

          Appellee,

          -v.-                                    09-3821-cr

BETTY BRUMER,

          Interested-Party-Appellant,

MICHAEL BRUMER,

          Defendant.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**    Betty Brumer (<u>pro se</u>)
                      Great Neck, NY 11024

**FOR APPELLEES:**    Robin W. Morey
                      US Attorney's Office, SDNY
                      New York, NY 10007

Appeal from an order of the United States District Court for the Southern District of New York (Wood, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

Appellant Betty Brumer, appearing <u>pro se</u>, appeals from the district court's denial of her motion to exonerate the $25,000 bail bond she executed on behalf of her husband, defendant Michael Brumer.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's legal conclusion that a conveyance is fraudulent under New York State law. United States v. Coppola, 85 F.3d 1015, 1019 (2d Cir. 1996). We review a district court's factual findings underpinning this legal determination for clear error.  Id.

"On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant."  28 U.S.C. § 2044.  "[A]n order of restitution...is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code...."  18 U.S.C. § 3613(c).

State law governs whether a conveyance is fraudulent for purposes of federal tax liens. <u>Aquilino v. United States</u>, 363 U.S. 509, 512-513 (1960) ("[S]tate law controls in determining the nature of the legal interest which the taxpayer ha[s] in the property [sought by the government]." (ellipsis and internal quotation marks omitted)).

Under New York law, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law § 276. "[A]ctual intent to defraud consists of deception intentionally practiced to frustrate the legal rights of another." S. Indus., Inc. v. Jeremias, 411 N.Y.S.2d 945, 948 (App. Div. 2d Dep't 1978).

The district court did not clearly err in its factual finding that Mr. Brumer purchased his marital home with proceeds from his fraud against the government or its finding that he conveyed this house to Mrs. Brumer in order to deceive the federal government and frustrate its legal rights. As a result, the district court correctly concluded that this conveyance was fraudulent and that the proceeds from it--which were used by Mrs. Brumer to secure the $25,000 bail bond for Mr. Brumer--are subject to Mr. Brumer's restitution order.

We hereby **AFFIRM** the district court's order denying Mrs. Brumer's motion to exonerate the $25,000 bail bond she executed on behalf of Michael Brumer and instructing the Clerk of the Court to apply this $25,000 to Michael Brumer's outstanding restitution and special assessment order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK